Christopher R. Kaup, State Bar No. 014820
J. Daryl Dorsey, State Bar No. 024237
Tina M. Ezzell, State Bar No. 013825

TB TIFFANY & BOSCO
      P.A.

Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
Email: crk@tblaw.com; jdd@tblaw.com;
          tme@tblaw.com
*Attorneys for Plaintiff Genos Williams*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re:                          | Chapter 13                    |
|---------------------------------|-------------------------------|
| DEMPSTER AND MARY JACKSON,      | Case No. 2:08-bk-14091-JMM    |
| Debtors.                        | **OBJECTION TO DISMISSAL OF DEBTORS' CHAPTER 13 CASE AND MOTION FOR CONVERSION TO CHAPTER 7 PROCEEDING** |

Genos Williams (a creditor and Plaintiff in related adversary proceeding *Genos Williams v. Dempster and Mary Jackson*, Adv. No. 2:10-ap-00291-JMM)(hereinafter "Mr. Williams"), by and through undersigned counsel, objects to the Trustee's Recommendation issued on November 23, 2010 to the extent that the Trustee states that if the Debtors fail to bring their plan payments current, he will lodge a dismissal order. Dismissal of the case is not in the best interest of creditors. Instead, this Court must convert the case to Chapter 7 proceedings for the best interest of the estate.

The Court's record in the bankruptcy case and adversary proceeding clearly reveal that the Debtors have refused to comply with their statutory obligations imposed under

Chapter 13 and refused to comply with an Order of the Court in the Adversary Case to provide discovery to Mr. Williams, even though they have been compelled to do so.

Accordingly, Mr. Williams objects to dismissal of the Chapter 13 case (voluntarily or involuntarily) and moves for conversion of the case to Chapter 7 proceedings pursuant to 11 U.S.C. § 1307(c). The Objection and Motion are supported by the following Memorandum of Points and Authorities.

DATED this 23rd day of December, 2010.

**TIFFANY & BOSCO, P.A.**

By: <u>J. Daryl Dorsey #024237</u>
    Christopher R. Kaup
    J. Daryl Dorsey
    Tina M. Ezzell
    Third Floor Camelback Esplanade II
    2525 East Camelback Road
    Phoenix, Arizona 85016
    *Attorneys for Plaintiff Genos Williams*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTUAL BACKGROUND**

Mr. Williams filed a complaint to determine the dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6) on February 19, 2010 (ECF No. 1). The Complaint alleges, in part, that Debtors should not be discharged from certain debts due to Debtors' actions in obtaining and utilizing Mr. Williams' property without permission. Mr. Williams, through his counsel, has repeatedly attempted to get the Debtors to provide their Rule 26(a) disclosure statement. Debtors, however, have not provided the Rule 26(a) disclosure statement.

Mr. Williams filed a Motion to Compel and Request for Sanctions ("Motion to Compel")(ECF No. 18) on October 18, 2010 detailing the history of the Debtors'

noncompliance in the adversary proceeding. For the sake of brevity, Mr. Williams fully adopts the averments set forth therein and the Declaration of Tina M. Ezzell in support of the Motion to Compel as if restated here.

On November 23, 2010 (ECF No. 79), Chapter 13 Trustee Russell Brown issued his recommendation concerning problems which need to be addressed by the Debtors before he would recommend plan confirmation. Specifically, the Trustee noted that the Debtors are $2,800.00 in arrears with plan payments and the Debtors have not yet provided a copy of their 2009 Federal and State income tax returns with the accompanying schedules, statements, and W-2 forms. The Trustee further asserted that he will lodge an order of dismissal of the Chapter 13 case if the Debtors fail to rectify those deficiencies by December 23, 2010.

On December 1, 2010, the Court granted Mr. Williams' Motion to Compel and ordered the Debtors to serve the Rule 26(a) Initial Disclosure no later than 20 days from that date. The Debtors have failed to comply with the Order.

## II. LEGAL ARGUMENT

### A. THE DEBTORS' CASE MUST BE CONVERTED TO CHAPTER 7 PURSUANT TO SECTION 1307(c) OF THE BANKRUPTCY CODE IN THE BEST INTEREST OF CREDITORS, INSTEAD OF BEING DISMISSED.

In the event that the Debtors fail to cure the deficiencies noted in the Trustee's recommendation, the case must be converted rather than dismissed in the best interest of creditors. Section 1307(c) provides, in pertinent part:

> (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, ***whichever is in the best interests of creditors*** and the estate, for cause, including--

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> \*\*\*
>
> (4) failure to commence making timely payments under section 1326 of this title;

11 U.S.C. §§ 1307(c)(1),( 4) (emphasis added).

In this case and the Adversary Proceeding, Debtors have failed to comply with their duties and obligations under the Bankruptcy Code. Therefore, cause exists for conversion of the case to Chapter 7. Indeed, Debtors' failure to provide the initial Rule 26 disclosure statement has prejudiced Mr. Williams greatly by forestalling him from prosecuting his complaint effectively. Mr. Williams would like to depose the Debtors, but without an initial disclosure, he is unable to do so. Rule 26, made applicable in bankruptcy under Rule 7026, requires that the Debtors make their initial disclosure "without awaiting a discovery request" and provide it to the other party. As set forth in the Motion to Compel, Debtors have not done so, despite repeated email and verbal requests.

Likewise, the Debtors' failure to make timely plan payments to the Chapter 13 Trustee and to disclose their Federal and State income tax returns for 2009 prejudices the estate in general. It is becoming apparent that the Debtors sought bankruptcy protection from their creditors without intending to fully comply with their duties under section 521 of the Code and Rule 7026 as it relates to the Adversary Proceeding. For these reasons, the case should be converted to Chapter 7 in the best interest of creditors.

**B. CONVERSION TO CHAPTER 7 IS IN THE BEST INTEREST OF THE DEBTORS' ESTATE BECAUSE, UPON INFORMATION AND BELIEF, DEBTORS HAVE ACQUIRED ASSETS AND INTERESTS IN SEVERAL ENTITIES WHICH NEED TO BE INVESTIGATED FOR THE BENEFIT OF CREDITORS.**

Notwithstanding the Debtors' failure to provide their initial disclosure, Mr. Williams alleges through his complaint, among other things, that the Debtors misappropriated his investment funds and invested the funds in illegitimate business enterprises and several entities without Mr. Williams' permission, and has failed to provide an accounting or return on the investments. With that background, dismissal of the Chapter 13 case is not in the best interest of the estate because it is Mr. Williams' belief that the Debtors have misappropriated his investment funds and converted the funds into assets and entities which can be investigated, and perhaps liquidated, by a Chapter 7 Trustee for the benefit of creditors. Mr. Williams intends to depose the Debtors as to their interests in several entities, including but not limited to: Pyrhus Entertainment Investment, LLC, Private Mortgage Lenders, LLC, the Private Client Group, LLC, PT Acquisition Group, LLC, National Home Buyers Group, LLC, and Impact Real Estate Investment, LLC, and Impact Enterprises, LLC when the Debtors provide their initial disclosure.

Dismissal of the case would greatly hinder further investigation into the Debtors' assets because the Debtors have thus far ignored a Court Order to disclose information and have continually failed to disclose section 521 information despite this Court's judicial authority looming over them. In addition, conversion of the case would provide a Chapter 7 Trustee with significant authority to obtain necessary documentation regarding

the Debtors' assets. Even though the adversary case has been pending for several months and would continue if the Chapter 13 case was dismissed, the Debtors would seemingly have no incentive to participate in the adversary proceeding (as they have not done so yet with the case pending) if their case was dismissed involuntarily.

### C. EVEN IF THE DEBTORS DECIDED NOT TO FUND THE PLAN OR PROSECUTE THE CASE, SECTION 1307 OF THE CODE DOES NOT PROVIDE AN ABSOLUTE RIGHT TO <u>VOLUNTARY</u> DISMISSAL OF THEIR CHAPTER 13 CASE.

The Trustee's recommendation gave the Debtors until December 23, 2010 to cure their plan payment arrearage and to provide tax returns. To date, the Debtors have not complied, and therefore, it is likely that the Trustee will either lodge an order of dismissal following the Christmas holiday or the Debtors will voluntarily move to dismiss their case. As set forth above, in either instance, conversion of the case is in the best interest of creditors.

Even if the Debtors were to seek voluntary dismissal of their case (which occurs often after a lack of prosecution and warning of dismissal by the Chapter 13 Trustee), the U.S. Court of Appeals for the Ninth Circuit determined that Chapter 13 debtors do not have an absolute right to dismissal of their case. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 773-74 (9th Cir. 2008). In *Rosson*, the Circuit cited to the U.S. Supreme Court's decision in *Marrama* v. *Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S. Ct. 1105, 166 L.Ed.2d 956 (2007) and held that a debtor's right of voluntary dismissal under § 1307(b) is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-faith conduct or "to prevent an abuse of process."

In this case and in the Adversary Proceeding, the Debtors clearly have shown little, if any, intent in abiding by Court Orders or complying with their obligations as debtors under the Bankruptcy Code or defendants in an adversary proceeding. Because

of this conduct, this Court should find that the Debtors are abusing the bankruptcy process and filed the Chapter 13 case in bad faith to hinder creditors, and deny dismissal of the case either voluntarily or involuntarily. The Court should then convert the case to Chapter 7 proceedings in the best interest of creditors. *See* 11 U.S.C. § 105(a).

## III. CONCLUSION

For the reasons set forth above, Mr. Williams moves the Court to deny any motion or lodged order for dismissal of the Chapter 13 case and convert the case to Chapter 7 proceedings in the best interest of creditors.

DATED this 23rd day of December, 2010.

                                **TIFFANY & BOSCO, P.A.**

                                By: <u>J. Daryl Dorsey</u>
                                    Christopher R. Kaup
                                    J. Daryl Dorsey
                                    Tina M. Ezzell
                                    Third Floor Camelback Esplanade II
                                    2525 East Camelback Road
                                    Phoenix, Arizona  85016
                                    *Attorneys for Plaintiff Genos Williams*

**ORIGINAL** filed with the United States Bankruptcy Court District of Arizona on the 23rd day of December, 2010 and mailed to:

Russell Brown
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
*Chapter 13 Trustee*

Dempster and Mary Jackson
5359 W. Villa Rita Drive
Glendale, Arizona 85308
*Debtors*

Michael J. Fatta

LAW OFFICE OF MICHAEL J. FATTA, PLLC
18001 N. 79th Ave., Suite B-40
Glendale, AZ  85308
*Attorneys for Debtors*

Erica Meany